UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.*,<br>1:00 cv02117; and<br><br>All Competitor Cases<br>(*Netscape Communications Corporation v.*<br>*Microsoft Corp.*,<br>1:02cv02090;<br>*Be Incorporated v. Microsoft Corp.*,<br>1:02cv02738;<br>*Sun Microsystems, Inc. v. Microsoft Corp.*,<br>1:02cv02739;<br>*Burst.com, Inc. v. Microsoft Corp.*,<br>1:02cv02952) | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

**MICROSOFT'S REPLY IN FURTHER SUPPORT OF
ITS MOTION FOR CERTIFICATION OF THE COURT'S
COLLATERAL ESTOPPEL RULING PURSUANT TO 28 U.S.C. § 1292(b)**

Robert A. Rosenfeld
HELLER EHRMAN WHITE &
  McAULIFFE LLP
333 Bush Street
San Francisco, California 94104
(415) 772-6000

Charles W. Douglas
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 S. Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Richard J. Wallis
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

May 1, 2003

## TABLE OF CONTENTS

Page

ARGUMENT ............................................................................................................................. 3

I.  Microsoft Seeks Review of the Court's Articulation of the "Necessary to the Judgment" Standard, Not the Application of That Standard ................................. 3

II. Plaintiffs' Argument That This Court Should Deny Certification Because the Issue Arose in the Context of a Rule 16 Motion Is Without Merit ........................ 6

III. An Interlocutory Appeal Will Advance the Ultimate Resolution of These Cases ........................................................................................................................ 8

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*In re Air Crash off Long Island, NY on July 17, 1996*,
   27 F. Supp. 2d 431 (S.D.N.Y. 1998)..................................................................8, 9

*Baltimore Luggage Co.* v. *Samsonite Corp.*, No. 91-2190,
   1992 WL 296368 (4th Cir. Oct. 16, 1992)................................................................5

*Black* v. *Rhone-Poulenc, Inc.*,
   172 F.R.D. 188 (S.D. W. Va. 1997)..........................................................................7

*C.B. Marchant Co.* v. *Eastern Foods, Inc.*,
   756 F.2d 317 (4th Cir. 1985) .................................................................................5, 7

*In re Food Lion, Inc.*,
   73 F.3d 528 (4th Cir. 1996) ..................................................................................8, 9

*General Dynamics Corp.* v. *AT&T Co.*,
   658 F. Supp. 417 (N.D. Ill. 1987).............................................................................7

*Hogan* v. *Carter*,
   85 F.3d 1113 (4th Cir. 1996) ....................................................................................5

*Hoult* v. *Hoult*,
   157 F.3d 29 (1st Cir. 1998)........................................................................................3

*Jack Faucett Assocs., Inc.* v. *AT&T Co.*,
   744 F.2d 118 (D.C. Cir. 1984),
   *cert denied*, 469 U.S. 1196 (1985)...........................................................................7

*Katz* v. *Carte Blanche Corp.*,
   496 F.2d 747 (3d Cir. 1974),
   *cert. denied*, 419 U.S. 885 (1974)........................................................................7, 8

*New York* v. *Microsoft Corp.*,
   224 F. Supp. 2d 76 (D.D.C. 2002)............................................................................6

*Polk* v. *Montgomery County, Md.*,
   782 F.2d 1196 (4th Cir. 1986) ..............................................................................3, 4

*Ritter* v. *Mount St. Mary's Coll.*,
   814 F.2d 986 (4th Cir. 1987),
   *cert. denied*, 484 U.S. 913 (1987).........................................................................4, 5

Page(s)

*Sedlack* v. *Braswell Servs. Group, Inc.*,
  134 F.3d 219 (4th Cir. 1998) .................................................................................... 4

*Tuttle* v. *Arlington County School Board*,
  195 F.3d 698 (4th Cir. 1999), *cert. dismissed*,
  529 U.S. 1050 (2000) ........................................................................................... 4, 5

*United States* v. *Microsoft Corp.*,
  253 F.3d 34 (D.C. Cir. 2001),
  *cert. denied*, 534 U.S. 952 (2001) ............................................................................ 6

*Waldorf* v. *Kenilworth*,
  878 F. Supp. 686 (D.N.J. 1995) ................................................................................ 7

*Watkins* v. *M&M Tank Lines, Inc.*,
  694 F.2d 309 (4th Cir. 1982) .................................................................................... 7

**STATUTES AND RULES**

28 U.S.C. § 1292(b) ................................................................................................ Passim

4th Cir. Local R. 36(c) .................................................................................................. 5

**MISCELLANEOUS**

17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE
  ¶ 112.06[3] (3d ed. 1997) ......................................................................................... 9

RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982) ................................................... 4

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth v. Microsoft Corp.*,<br>1:00 cv02117; and<br><br>All Competitor Cases<br>(*Netscape Communications Corporation v. Microsoft Corp.*,<br>1:02cv02090;<br>*Be Incorporated v. Microsoft Corp.*,<br>1:02cv02738;<br>*Sun Microsystems, Inc. v. Microsoft Corp.*,<br>1:02cv02739;<br>*Burst.com, Inc. v. Microsoft Corp.*,<br>1:02cv02952) | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

**MICROSOFT'S REPLY IN FURTHER SUPPORT OF
ITS MOTION FOR CERTIFICATION OF THE COURT'S
COLLATERAL ESTOPPEL RULING PURSUANT TO 28 U.S.C. § 1292(b)**

Plaintiffs' opposition to Microsoft's motion for certification rests on a fundamental misapprehension of the controlling legal question Microsoft seeks to have certified for interlocutory appeal. The controlling legal question is the Court's holding that all findings that are "supportive" of the D.C. Circuit's decision are entitled to collateral estoppel effect, not the Court's subsequent application of that standard to specific findings. The Court's articulation of the standard is a pure legal question, and it substantially affects all five of these actions.

Because of this misapprehension, plaintiffs' primary argument in opposition to Microsoft's motion — that the question presented is inappropriate for

interlocutory appeal because it "involves a discretionary application of settled law to particular facts" — misses the mark. (Competitor Pls. Opp'n at 7; *see also* Consumer Pls. Opp'n at 8.) The legal standard to apply in making estoppel determinations is not discretionary.

Plaintiffs also attempt to downplay the importance of the Court's collateral estoppel ruling, asserting that it "resolved a motion made under Rule 16, which addresses case management and scheduling issues." (Competitor Pls. Opp'n at 13; *see also* Consumer Pls. Opp'n at 2.) To the contrary, the ruling is both important and appropriate for interlocutory review. As an initial matter, courts *have* certified Rule 16 orders for interlocutory appeal. But more fundamentally, the importance of this Court's ruling cannot seriously be disputed, regardless of the rule of procedure that underlies it. The future course of these actions may depend significantly on the Court's collateral estoppel determinations. The Court's ruling affects not only the scope of discovery, but also the evidence that will be introduced at trial. An error at this stage in the litigation could result in substantial waste of judicial resources and great expense to the parties if the Court's collateral estoppel ruling is reversed after final judgment.

Lastly, plaintiffs assert that an interlocutory appeal would not "materially advance the termination of the litigation" because "the Court's collateral estoppel order does not completely eliminate the need for litigation on any of the plaintiffs' claims." (Competitor Pls. Opp'n at 14; *see also* Consumer Pls. Opp'n at 13.) Courts have recognized, however, that a ruling need not be "case-dispositive" (Completitor Pls. Opp'n at 7) to warrant interlocutory appeal. Furthermore, courts have held in the context of multi-district litigation that an interlocutory appeal prior to remand will materially advance the termination of the litigation where, as here, it will significantly affect the future course of

the actions and eliminate the threat of reversal by multiple courts of appeals after final judgment is entered by the transferor courts.

## ARGUMENT

I. **Microsoft Seeks Review of the Court's Articulation of the "Necessary to the Judgment" Standard, Not the Application of That Standard.**

Microsoft seeks interlocutory appellate review of this Court's determination that the recognized standard for collateral estoppel — that a finding be "necessary to the judgment" — means "supportive" of the judgment. Should the Court of Appeals decide that this is the incorrect standard, this Court on remand would apply the correct standard to the findings of fact. Microsoft thus seeks to appeal a pure legal question: What is the proper standard for determining whether a finding of fact was "necessary to the judgment" in the prior proceeding? This is a controlling question of law appropriate for certification under Section 1292(b).

The correct articulation of the "necessary" standard has been a matter of substantial dispute since the question of collateral estoppel was first raised in these cases. It was the subject of several hours of argument during the October 24, 2002 hearing on the underlying motions. (*See, e.g.*, Oct. 24, 2002 Tr. at 25-27, 31-33, 60, 74-80, 83, 86, 94-95, 126-27, 130-36, 151-55.) Even plaintiffs could not agree among themselves on the proper standard to be applied. (*See, e.g.*, Kloth Opening Br. at 14 (issue must have been "actually litigated, necessary, material, and essential to the disposition" (citing *Polk v. Montgomery County, Md.*, 782 F.2d 1196, 1201 (4th Cir. 1986)); Netscape Opening Br. at 16 (issue must have been "central to the route that led the factfinder to the judgment reached, even if the result could have been achieved by a different, shorter and more efficient route") (citing *Hoult v. Hoult*, 157 F.3d 29, 32 (1st Cir. 1998)); Sun

Opening Br. at 8-9 ("Where a litigant has been afforded an opportunity to fully develop and present its defenses, and has had the opportunity to challenge the findings on appeal, all findings supporting the liability holding are deemed necessary for purposes of collateral estoppel.") (citing *Ritter* v. *Mount St. Mary's Coll.*, 814 F.2d 986, 993 (4th Cir. 1987), *cert. denied*, 484 U.S. 913 (1987))).

Nothing in plaintiffs' opposition to Microsoft's motion for certification refutes the fact that substantial ground for difference of opinion exists on the proper *articulation* of the "necessary to the judgment" standard. Considerable authority exists to support Microsoft's position that the standard is more stringent than this Court held. For example, in *Sedlack* v. *Braswell Servs. Group, Inc.*, 134 F.3d 219 (4th Cir. 1998), the Fourth Circuit stated that the issue must have been "*a critical and necessary* part of the decision in the prior proceeding." *Id.* at 224 (emphasis added); *see also Polk*, 782 F.2d at 1201 (issues decided in a prior action must have been "*necessary, material and essential to the prior case*") (emphasis added). Similarly, the Restatement (which plaintiffs ignore entirely) states that "[i]f issues are determined but the judgment is not *dependent upon the determinations*, relitigation of those issues in a subsequent action ... is not precluded." RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. h (1982) (emphasis added). Such authority strongly indicates that "necessary" to the judgment means more than "supportive" of the judgment.

Plaintiffs' efforts to distinguish *Tuttle* v. *Arlington County School Board*, 195 F.3d 698 (4th Cir. 1999), *cert. dismissed*, 529 U.S. 1050 (2000), are unavailing. In *Tuttle*, the Fourth Circuit declined to give preclusive effect to a decision that "supported" the district court's decision in an earlier case. Plaintiffs incorrectly contend that "the Fourth Circuit denied collateral estoppel *primarily* because the issue on which preclusion

was sought was 'markedly different' than the 'issues decided in [the prior litigation].'" (Competitor Pls. Opp'n at 10 (emphasis added).) The Fourth Circuit held that collateral estoppel did not apply for three reasons: (1) the issues were not identical; (2) the district court's finding with regard to diversity "was not 'necessary'" in the prior action because an alternative basis for the district court's decision existed; and (3) the decision in the prior case was not final and valid. *Id.* at 704. The Fourth Circuit in *Tuttle* thus declined to accord collateral estoppel effect to a finding even though it was unquestionably "supportive" of the judgment. *Id.* at 703-04; *see also C.B. Marchant Co. v. Eastern Foods, Inc.*, 756 F.2d 317, 319 (4th Cir. 1985) ("[T]he modern rule is that if a judgment rests on independent grounds, either of which would support the result, the judgment is not conclusive with respect to either issue standing alone.").

In support of their more lenient articulation of the "necessary to the judgment" standard, plaintiffs rely primarily on a single decision: the Fourth Circuit's decision in *Ritter*. (Competitor Pls. Opp'n at 8-9; Consumer Pls. Opp'n at 12.)* *Ritter*, however, is not inconsistent with *Tuttle*. Indeed, the Fourth Circuit recognized in *Ritter* that a "corollary to the general rule of collateral estoppel is that, where the court in the prior suit has determined two issues, either of which could independently support the result, then neither determination is considered essential to the judgment." 814 F.2d at 993. The *Ritter* court then recognized an exception to that general rule for several reasons not present here: The case at bar and the prior suit involved "the same parties, the same issues, the same facts, and even the same court." *Id.* at 994.

---

* Plaintiffs also cite an unpublished decision, *Baltimore Luggage Co. v. Samsonite Corp.*, No. 91-2190, 1992 WL 296368 (4th Cir. Oct. 16, 1992), that has no precedential value. *See* 4th Cir. Local R. 36(c); *Hogan v. Carter*, 85 F.3d 1113, 1118 (4th Cir. 1996).

The proper articulation of the "necessary to the judgment" standard is particularly important in these cases. The D.C. Circuit stressed that it had "drastically altered the District Court's conclusions on liability" and that "most ... of the findings of remediable violations do not withstand appellate scrutiny." *United States* v. *Microsoft Corp.*, 253 F.3d 34, 104-05 (D.C. Cir.), *cert. denied*, 534 U.S. 952 (2001). Moreover, the district court that issued the findings ultimately concluded that "the vast majority of factual findings entered by the district court, but not cited by the district court as a basis for § 2 liability" were "unconnected to specific liability findings" affirmed on appeal. *New York* v. *Microsoft Corp.*, 224 F. Supp. 2d 76, 138 (D.D.C. 2002). This Court nevertheless concluded that the large majority of findings made in the Government Case are entitled to preclusive effect because it applied a very lenient — and, in Microsoft's view, erroneous — legal standard.

## II. Plaintiffs' Argument That This Court Should Deny Certification Because the Issue Arose in the Context of a Rule 16 Motion Is Without Merit.

Plaintiffs argue that certification is inappropriate because "the Court's collateral estoppel order resolved a motion made under Rule 16, which addresses case management and scheduling issues." (Competitor Pls. Opp'n at 13; *see also* Consumer Pls. Opp'n at 2.) This argument is both irrelevant and incorrect.

The Court's collateral estoppel ruling did not address only case management and scheduling issues. To the contrary, the ruling will have major repercussions not only for the course of discovery, but also for the trials of these actions — indeed, for some actions, it will arguably be the most significant ruling in the case. This Court's conclusion that "necessary" to the judgment means "supportive" of the judgment resulted in its granting preclusive effect to "all of Judge Jackson's Findings of

Fact as to which plaintiffs seek preclusive effect" with the "exception of findings 380 to 385." (April 4 Order.)

Indeed, the Fourth Circuit — and other courts — have recognized that collateral estoppel orders may be appropriate for interlocutory appeal. *See, e.g., Jack Faucett Assocs., Inc.* v. *AT&T Co.*, 744 F. 2d 118, 119 (D.C. Cir. 1984) (accepting interlocutory appeal of collateral estoppel ruling), *cert. denied*, 469 U.S. 1196 (1985); *Watkins* v. *M&M Tank Lines, Inc.*, 694 F.2d 309, 310-11 (4th Cir. 1982) (same); *General Dynamics Corp.* v. *AT&T Co.*, 658 F. Supp. 417, 419 (N.D. Ill. 1987) (certifying order that "involved the resolution of several difficult issues concerning the applicability of offensive collateral estoppel in the Seventh Circuit"). This is so even where the "collateral estoppel order is not presently case-dispositive." (Competitor Pls. Opp'n at 7.) For example, plaintiffs wrongly assert that the court in *C.B. Marchant* "grant[ed] interlocutory review of [a] collateral estoppel order that served as the foundation for summary judgment." (Competitor Pls. Opp'n at 6; Consumer Pls. Opp'n at 9.) In fact, the Fourth Circuit accepted an interlocutory appeal of — and ultimately affirmed — the district court's *denial of* summary judgment. *See* 756 F.2d at 318.

The fact that plaintiffs in these cases moved under Rule 16 has no bearing on whether this Court's ruling is appropriate for certification under Section 1292(b). Microsoft seeks to appeal a pure legal question on which there is substantial ground for difference of opinion, and an immediate appeal will materially advance the ultimate termination of these cases. In any event, courts have certified orders for interlocutory appeal that were matters for the trial court's discretion, including Rule 16 orders. *See, e.g., Black* v. *Rhone-Poulenc, Inc.*, 172 F.R.D. 188, 193 (S.D. W. Va. 1997); *Waldorf* v. *Kenilworth*, 878 F. Supp. 686, 696 (D.N.J. 1995); *see also Katz* v. *Carte Blanche Corp.*,

496 F.2d 747, 756 (3d Cir.), *cert. denied*, 419 U.S. 885 (1974) ("The determination of what orders are properly reviewable under § 1292 (b) must be made by a practical application of [the policies favoring interlocutory appeal], not by a mechanical application of labels such as 'discretionary' or 'nondiscretionary.'").

### III. An Interlocutory Appeal Will Advance the Ultimate Resolution of These Cases.

Because these cases have been consolidated for pretrial proceedings, an interlocutory appeal will promote judicial economy in multiple jurisdictions. As the Fourth Circuit stated in another multidistrict litigation, "[e]ven accounting for the peculiar facts of each case, it is clearly more efficient to provide for review by one appellate court in one proceeding rather than leaving open the possibility that [the trial court's] decisions could be reconsidered by each of the transferor courts. . . . " *In re Food Lion, Inc.*, 73 F.3d 528, 532-33 (4th Cir. 1996).

The focus here should not be on the length and complexity of the trials, but on the ultimate resolution of these cases. In the absence of an interlocutory appeal, following remand from this Court, the parties will be forced to appeal this Court's collateral estoppel ruling multiple times in different circuits. If the appellate courts ultimately disagree with this Court's articulation of the "necessary to the judgment" standard, each of these actions may have to be retried.

These same concerns prompted the United States District Court for the Southern District of New York to certify for interlocutory appeal an order construing the Death on the High Seas Act in a multidistrict litigation. The court recognized that the "litigation will proceed, of course, whatever is determined on appeal." *In re Air Crash off Long Island, N.Y. on July 17, 1996*, 27 F. Supp. 2d 431, 435 (S.D.N.Y. 1998). The

court nonetheless certified its order for interlocutory appeal because "a ruling on the Opinion will still 'significantly affect the conduct of the action'" and will "eliminat[e] the threat of reversal by the Second Circuit after final judgment." *Id.* (internal citations omitted). The court further stated that because the cases were transferred to it from "district courts scattered throughout the country," "[d]elaying review would burden not only the parties, but the judicial system itself." *Id.* As one leading treatise observes, the Judicial Panel on Multidistrict Litigation and the courts "properly hold the view that if a party wishes to appeal a decision of the transferee court, the better practice is to allow that appeal prior to remand." 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 112.06[3] (3d ed. 1997).

    In short, interlocutory appeal now will avoid "the sort of piecemeal litigation that the multidistrict scheme was intended to discourage." *In re Food Lion, Inc.*, 73 F.3d at 532. As the Fourth Circuit has recognized, "[a] consolidated appeal, heard by the appellate court having jurisdiction over the transferee district court that entered the orders, is the best means of achieving the goals of efficient and uniform adjudication of numerous actions." *Id.* at 533.

## CONCLUSION

This Court should certify its April 4 order for immediate appeal pursuant to 28 U.S.C. § 1292(b).

Dated: May 1, 2003

| | |
|---|---|
| Robert A. Rosenfeld<br>HELLER EHRMAN WHITE &<br>  McAULIFFE LLP<br>333 Bush Street<br>San Francisco, California  94104<br>(415) 772-6000<br><br>Charles W. Douglas<br>SIDLEY AUSTIN BROWN & WOOD<br>Bank One Plaza<br>10 South Dearborn Street<br>Chicago, Illinois  60603<br>(312) 853-7000<br><br>Richard J. Wallis<br>MICROSOFT CORPORATION<br>One Microsoft Way<br>Redmond, Washington  98052<br>(425) 706-8080 | Respectfully submitted,<br><br>/s/ David B. Tulchin<br>David B. Tulchin<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York  10004<br>(212) 558-4000<br><br>Michael F. Brockmeyer<br>(Fed. Bar No. 02307)<br>Jeffrey D. Herschman<br>(Fed. Bar No. 00101)<br>PIPER RUDNICK LLP<br>6225 Smith Avenue<br>Baltimore, Maryland  21209-3600<br>(410) 580-3000 |

*Attorneys for Microsoft*

CERTIFICATE OF SERVICE

  I hereby certify that on May 1, 2003, I caused a copy of the foregoing Microsoft's Reply in Further Support of its Motion for Certification of the Court's Collateral Estoppel Ruling Pursuant to 28 U.S.C. § 1292(b) to be served, via facsimile and Federal Express, to:

    Katherine D. Forrest
    CRAVATH, SWAINE & MOORE
    Worldwide Plaza
    825 Eighth Avenue
    New York, New York 10019

    Jeffrey A. Rosen, Esq.
    KIRKLAND & ELLIS
    655 Fifteenth Street, N.W.
    Suite 1200
    Washington, D.C. 20005

    Spencer Hosie, Esq.
    HOSIE, FROST, LARGE & McARTHUR
    One Market, Spear Street Tower, 22nd Fl.
    San Francisco, California 94105

    Lloyd R. Day, Jr., Esq.
    DAY, CASEBEER, MADRID & BATCHELDER, LLP
    20300 Stevens Creek Blvd., Suite 400
    Cupertino, California 95014

    Michael D. Hausfeld, Esq.
    COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
    1100 New York Avenue, N.W.
    West Tower, Suite 500
    Washington, DC 20005

    James P. Ulwick, Esq.
    KRAMON & GRAHAM, P.A.
    One South Street
    Baltimore, Maryland 21202

    John B. Isbister, Esq.
    TYDINGS & ROSENBERG LLP
    100 East Pratt Street, 26th Floor
    Baltimore, Maryland 21202

Parker C. Folse, III, Esq.
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3100
Seattle, Washington  98101

Stanley M. Chesley, Esq.
WAITE, SCHNEIDER, BAYLESS & CHESLEY, L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio  45202

_____
Jeffrey D. Herschman