IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION.<br><br>This Document relates to:<br>*Be Incorporated v. Microsoft Corp.*<br><br>Civil Action No. C-02-0837<br>*(N.D. Cal.)*<br><br>Civil Action No. 1:02CV02738 | MDL Docket No. 1332<br><br>Hon. J. Frederick Motz |

**MICROSOFT CORPORATION'S OPPOSITION TO BE, INC.'S
MOTION TO COMMISSION OFFICER TO ADMINISTER OATH
AND TAKE TESTIMONY IN DEPOSITION OF FRANK ARNOLD**

I.   **BACKGROUND**

Be Incorporated ("Be") has noticed the deposition of Frank Arnold for Saturday, June 21, 2003, in Paris, France. Mr. Arnold resides in Germany, and throughout the relevant time period was an employee of Fujitsu-Siemens Computers GmbH, or its predecessor, Fujitsu Computers GmbH (collectively, "FSC"). Be noticed the deposition in France in order to avoid requirements under the Hague Convention that would apply if the deposition were conducted in Germany. In particular, if Mr. Arnold is deposed in Paris, Microsoft would not have the opportunity to request that a German court direct Mr. Arnold or FSC to produce documents, or testify about the contents of documents, for use in cross-examining Mr. Arnold.

Be has asked Microsoft to stipulate to the commissioning of an officer in France to swear the witness and take testimony in this matter. Because the manner in which Be has arranged Mr. Arnold's deposition is an attempt to avoid Hague Convention requirements, Microsoft has

declined to so stipulate. Instead, Microsoft has requested that Be postpone Mr. Arnold's deposition for a reasonably circumscribed period of time, so that Microsoft can attempt to obtain relevant documents through Hague Convention procedures or informally, and thus be fully prepared to cross-examine Mr. Arnold. Provided that adequate time is available to obtain relevant documents, Microsoft is willing to discuss and stipulate to appropriate arrangements for taking the deposition of Mr. Arnold and other European witnesses.

Be has indicated that it is considering Microsoft's request. If the parties reach agreement to obtain relevant documents in advance of Mr. Arnold's deposition, Microsoft will promptly notify the Court. In the meantime, Microsoft asks the Court to deny Be's Motion To Commission Officer To Administer Oath and Take Testimony in Deposition of Frank Arnold, because granting the motion would aid Be's attempt to avoid Hague Convention procedures and unfairly compromise Microsoft's ability to cross-examine Mr. Arnold.

## II.   DISCUSSION

It is fundamental that a party seeking to use deposition testimony must give its opponent the opportunity to cross-examine the deponent adequately. *See, e.g.,* Federal Rule of Evidence 804(b)(1) (deposition admissible if the party against whom the testimony is offered had an opportunity to develop testimony by cross examination). In order to cross-examine Mr. Arnold, Microsoft must obtain documents concerning the subject matter of his testimony from either Mr. Arnold or FSC. Despite this, Be has noticed Mr. Arnold's deposition in Paris, France in an attempt to avoid the applicable requirements for taking evidence in Germany pursuant to the Hague Convention, including the possibility of obtaining relevant documents.

Article 1 of the Hague Convention generally requires that evidence be obtained in accordance with the law of the requested state. *See* Hague Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters, *Opened for signature* June 1, 1970, 23 U.S.T. 2555, T.I.A.S. No. 74444; *reprinted in* Martindale-Hubbell International Law Digest IC-

21 to –23 (2002).¹  German procedure requires that testimony be taken from witnesses in the presence of a German judge, who would question the witness in response to a request properly submitted via a letter of request as provided under Article 3 of the Hague Convention.  German Code of Civil Procedure ("*Zivilprozessordnung*" or "ZPO"), §§ 136, 139, 278, 396, 397.

Microsoft recognizes that, pursuant to Article 23 of the Hague Convention, Germany has declared that it "will not, in its territory, execute Letters of Request for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries."  *See* FRG Instrument of Ratification, ¶ 5.  However, German judges have the discretion to order a witness to produce documents.  ZPO, §§ 136, 139, 278.  Moreover, even if the German court were to decide not to compel witnesses to produce relevant documents, it would be proper for the witnesses to be questioned about the contents of relevant documents.  *See* OLG Munich (Bavaria), Decision of November 27, 1980 in the matter of *Corning Glass Works v. International Telephone & Telegraph*, *reported in* 15/16 Juristen-Zeitung, at 538.

By noting Mr. Arnold's deposition in France, Be is attempting to arrange the deposition in a way that enables Be to obtain testimony outside German procedure, and in a way that denies Microsoft access to relevant discovery.  If the deposition were conducted in Germany, Microsoft would have the opportunity through letters of request, to ask that the German court direct the witness and FSC to produce relevant documents, or to testify about the contents of relevant documents, which would enable Microsoft to cross-examine Mr. Arnold effectively.

Here, there is sound reason for the German court to exercise its discretion to require some form of document discovery.  Be has advised Microsoft that the contents of computers in its European office, which was responsible for the relevant dealings with FSC and Mr. Arnold,

---

¹ The Federal Republic of Germany filed its ratification of the Hague Convention on April 27, 1979, which became effective on June 26, 1979.  *See* FRG Instrument of Ratification, *reprinted in* Martindale-Hubbell International Law Digest, IC-28 to -29 (2002).

were discarded when that office closed in April 2001. *See* letter from James T. Southwick to Brendan T. Mangan dated May 22, 2003 (attached as Appendix A hereto). While contracts and other such documents were reportedly sent from the European office to be maintained at Be's headquarters in California, employee emails and other communications in Europe may well have been destroyed. Accordingly, Mr. Arnold and FSC may be the only sources for documents reflecting the relevant communications about which Mr. Arnold is expected to testify.[2]

In addition to seeking relevant documents through Hague Convention procedures, Microsoft will continue it efforts to obtain documents from FSC through informal requests. Whether such documents are obtained through formal or informal means, however, Microsoft submits that the deposition of Mr. Arnold should be deferred for a reasonable period of time so that he can be cross-examined effectively with the use of those documents. Microsoft respectfully requests that the Court deny Be's pending motion, so that preparations for the deposition can be completed fairly, expeditiously, and pursuant to the Hague Convention requirements as ratified by Germany or informally.

/

/

/

---

[2] Microsoft has been advised informally by Mr. Arnold that he has not retained documents that he once possessed during his employment at FSC, but it is possible that he possesses other written communications concerning the issues herein.

## III. CONCLUSION

For the reasons set forth above, Microsoft requests that this Court deny Be's Motion to Commission Officer To Administer Oath And Take Testimony In Deposition Of Frank Arnold.

DATED this 17th day of June, 2003.

| | |
|---|---|
| Thomas W. Burt<br>Richard J. Wallis<br>Richard H. Sauer<br>Microsoft Corporation<br>One Microsoft Way<br>Redmond, WA 98052<br>Telephone: (425) 706-8080<br>Fax: (425) 706-7329 | Robert A. Rosenfeld<br>Michael J. Shepard<br>Heller Ehrman White & McAuliffe LLP<br>333 Bush Street<br>San Francisco, CA 94104-2878<br>Telephone: (415) 772-6000<br>Fax: (415) 772-6268 |
| David B. Tulchin<br>Sullivan & Cromwell<br>125 Broad Street<br>New York, New York 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588 | _/s/ Brendan T. Mangan_<br>Brendan T. Mangan<br>Heller Ehrman White & McAuliffe LLP<br>701 Fifth Avenue<br>Seattle, WA 98104<br>Telephone: (206) 447-0900<br>Fax: (206) 447-0849 |

SE 536348 v1
6/17/03 1:40 PM (36548.0010)

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2003, I caused a copy of Microsoft Corporation's Opposition to Be, Inc.'s Motion to Commission Officer to Administer Oath and Take Testimony in Deposition of Frank Arnold to be served upon the following by facsimile and United States mail, first class, postage prepaid:

Parker C. Folse, III, Esq.
Ian B. Crosby, Esq.
Susman Godfrey L.L.P.
1201 Third Avenue, Suite 3100
Seattle, Washington  98101
(facsimile:  206-516-3883)


John B. Isbister, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland  21202
(facsimile:  410-727-5460)

_____
Jeffrey D. Herschman