IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE MICROSOFT CORP. ANTITRUST LITIGATION

This Document Relates to:

*Be, Inc. v. Microsoft Corp.*, No. JFM -02-2738
(N.D. Cal. No. C-02-0837)

MDL Docket No. 1332
Hon. J. Frederick Motz

**BE'S REPLY IN SUPPORT OF MOTION TO COMMISSION OFFICER TO ADMINISTER OATH AND TAKE TESTIMONY IN DEPOSITION OF FRANK ARNOLD**

Microsoft's Opposition to Be's Motion is based on objections that should have been asserted long ago to the method and timing that Be has chosen for the deposition of Frank Arnold. Those objections have nothing to do with the issue before the Court, which is whether the court reporter is a suitable officer to administer the oath and take testimony in a deposition the format and scheduling of which Microsoft has been aware of since May 19. Moreover, Microsoft's objections are objectively baseless, as nothing in the perfectly lawful procedure to which Mr. Arnold has agreed has prevented Microsoft from attempting to use Hague Convention procedures to obtain documents from him or his former employer, Fujitsu-Siemens.

Be served notice on May 19 of its intention to depose Mr. Arnold in France on June 21, this coming Saturday. Exh. A. Shortly thereafter, in response to opposing counsel's query about the reasons for scheduling the deposition in France, as opposed to Mr. Arnold's home country of Germany, counsel for Be explained that the forum had been chosen for the convenience of the

parties and the witness, inasmuch as taking the deposition in a third country without resort to Hague convention procedures would obviate the need to reserve time and facilities at a U.S. consulate in Germany, which requires many months of advance notice and significant unnecessary expense.[1] Microsoft did not suggest at that time that it had any qualms with the deposition procedure, or that it considered Be's reasons for choosing that procedure to be in any way improper.

There is no substance to Microsoft's present insinuation that there is something nefarious about Be's attempt to "avoid" the strictures of the Hague convention in scheduling Mr. Arnold's deposition in France. The Hague Convention is not the exclusive means for taking of evidence abroad, but an optional set of minimal procedures that may be used in signatory countries in addition to any other methods that may be made available by U.S. or foreign law. *See Societé Industrielle Aerospatiale v. United States District Court*, 482 U.S. 522, 529-31 (1987).

Consistent with this basic proposition, discovery pursuant to an applicable treaty is only one of the four methods of taking depositions abroad that are expressly authorized by Fed. R. Civ. P. 28(b). The rule provides explicitly that as an alternative to proceeding under an applicable treaty, a deposition may be taken "before a person commissioned by the court, and a person so commissioned shall have the power by virtue of the commission to administer any necessary oath and take testimony." *Id.* The rule further provides:

> A commission . . . *shall* be issued on application and notice and on such terms that are just and appropriate. *It is not requisite to the issuance of a commission or letter of request that the taking of the deposition in any other manner is impracticable or*

---

[1]All uncited assertions of fact in this brief regarding the discussions of counsel are drawn from the personal knowledge and recollection of undersigned counsel for Be, Incorporated, as the briefing schedule adopted in the Court's Order Granting Be's Motion to Shorten Time does not allow time for the preparation of a separate declaration.

*inconvenient.*

*Id.* The Federal Rules are painstakingly clear that the issuance of a commission to take a deposition abroad on reasonable terms is a ministerial act that the court should grant as a matter of course, and that the availability of a commission should in no way be conditioned on the feasibility of taking evidence by any other means authorized by the rules.

There is similar lack of merit Microsoft's claim that the decision to conduct the deposition pursuant to commission as authorized by the Federal Rules has deprived it of the ability to pursue discovery under the Hague Convention. Nothing has prevented Microsoft from seeking the issuance of letters of request from this court directed at Mr. Arnold or Fujitsu-Siemens for purposes of obtaining in advance of the deposition the documents that Microsoft now contends are necessary for its right of cross-examination. Yet in the weeks that have passed since the deposition was noticed, Microsoft has never moved to issue such requests. It's failure to do so belies the sincerity of its stated hope that a German judge may exercise discretion to disregard that nation's general policy, deeply ingrained in civil law countries, against permitting pretrial discovery of documents. It also calls into question Microsoft's motivation for raising the issue of the need for Hague Convention discovery on the eve of a deposition that has been scheduled for nearly a month, and for which all arrangements have been made to proceed in a foreign country in less than a week.

Indeed, the failure of Microsoft to ever mention the need for Hague Convention discovery in advance of the deposition, or its desire to conduct the deposition under the Hague Convention, in response to Be's repeated requests for a stipulation to administration of the oath by the court reporter should preclude Microsoft from raising those concerns in response to Be's motion for a commission. Be has been after Microsoft since shortly after the deposition notice was served about obtaining a stipulation to administration of the oath and taking of testimony by the court reporter

without need for resort to a commission. In response to Be's questions about what information Microsoft might need in order to consent to the stipulation, Microsoft inquired only after the identity of the court reporter Be had chosen, even when Be informed Microsoft that it would deem Microsoft's right to object waived if it did not give Be an answer immediately. Microsoft never indicated that it had any other concerns about the requested stipulation. Microsoft's failure to raise its professed concerns when Be instructed it to speak or hold its peace should be deemed a waiver of those concerns.

Be has retained a qualified reporter to take the deposition of Frank Arnold on June 21, in Paris, France. Microsoft has not objected to that reporter's qualifications, nor to the administration of the oath by a court reporter in general. Be therefore respectfully requests that the court disregard Microsoft's belated, irrelevant, and insincere objections to the form of the deposition, and enter an order commissioning the reporter Be has retained to administer the oath and take testimony pursuant to Fed. R. Civ. P. 28(b).[2]

Dated: June 17, 2003

Parker C. Folse, III
Ian B. Crosby
Edgar G. Sargent
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3100

[2]Be has submitted a second revised proposed Order permitting the deposition to take place before another qualified court reporter in the event of the unavailability or need to substitute for the specific person named in the order, as authorized by Fed. R. Civ. P. 28(b). Be requests that the Court enter its second revised proposed Order to ensure that circumstances beyond Be's control do not afford Microsoft another opportunity to derail the deposition. Should the Court decline to issue a commission by description in the manner permitted by the Rule, Be requests in the alternative that the Court enter the revised form of order that Be submitted with its Errata to its Motion this morning naming Paul Brincau as the commissioned officer.

Seattle, Washington 98101
Telephone: (206) 516-3880

Stephen D. Susman
James T. Southwick
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366

*Attorneys for Be Incorporated*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION<br><br>This Document relates to:<br>*Be Incorporated v. Microsoft Corp.*,<br><br>Civil Action No. C-02-0837 (N.D. Cal.) | MDL Docket No. 1332<br>D. Md. Docket No. JFM-02-2738<br>Hon. J. Frederick Motz |

**NOTICE OF DEPOSITION**

To each party and attorney of record in this action:

Please take notice that the deposition of the deponent identified below will be taken at the following location and date and time, and continuing thereafter until completed. Testimony taken will be recorded by sound-and-visual and stenographic means.

Heller Ehrman White & McAuliffe LLP
MAY 19 2003
RECEIVED

| | |
|---|---|
| **Deponent:** | Frank Arnold<br>Hansol Deutschland<br>Tetmarusstrasse 3<br>D-33142 Büren, Germany |
| **Location:** | Hotel Royal Monceau<br>37 Avenue Hoche<br>75008 Paris, France |
| **Date and Time:** | June 21, 2003<br>9:00 a.m. |

Dated:

Parker C. Folse, III
Ian B. Crosby
Edgar G. Sargent
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3100
Seattle, Washington 98101
Telephone: (206) 516-3880

Stephen D. Susman
James T. Southwick
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366

*Attorneys for Be Incorporated*

## PROOF OF SERVICE

I am employed in the State of Washington, County of King. I am over the age of 18 and not a party to the within action. My business address is 1201 Third Avenue, Suite 3100, Seattle, WA 98101

On May 19TH, 2003, I served Be Incorporated's Notice of Deposition of Frank Arnold upon counsel named below by placing a true and correct copy thereof in an envelope addressed as follows:

**COUNSEL FOR SUN MICROSYSTEMS, INC.**

Lloyd "Rusty" Day, Jr. – *via First Class Mail*
**DAY CASEBEER MADRID**
**& MATCHELDER LLP**
2030 Stevens Creek Blvd.
Suite 400
Cupertino, Ca 95014

Kevin J. Arquit - *via First Class Mail*
**SIMPSON THACHER & BARTLETT**
425 Lexington Avenue
New York, NY 10017-395

John Isbister - *via First Class Mail*
**TYDINGS & ROSENBERG, LLP**
100 East Preatt Street, 26th Floor
Baltimore, MD 21202

**COUNSEL FOR BURST.COM, INC.**

Bruce Wecker - *via First Class Mail*
**HOSIE FROST LARGE & McARTHUR LLP**
Spear Street Tower
One Market Street
San Francisco, CA 94105

**COUNSEL FOR NETSCAPE COMMUNICATIONS CORP.**

Jeff Rosen – *via First Class Mail*
**KIRLAND & ELLIS**
655 15th Street N.E.
Suite 1200
Washington, DC 20005

Michael Reynolds - *via First Class Mail*
**CRAVATH SWAINE & MOORE**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

James Ulwick - *via First Class Mail*
**KRAMON & GRAHAM**
One South Street, Suite 2600
Baltimore, MD 21202-3201

**COUNSEL FOR MICROSOFT CORP.**

Brendan Mangan - *via Hand Delivery*
**HELLER EHRMAN WHITE & McAULIFFE LLP**
701 Fifth Avenue, Suite 6100
Seattle, WA 98104

Executed this 19TH day of May, 2003.

Brian E. Spangler
Brian E. Spangler